UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HYPED HOLDINGS LLC d/b/a NATIONAL
RECRUITING GROUP,

                 Plaintiff,

    v.

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE, and
MATTHEW JAMES,

                 Defendants.

**MEMORANDUM & ORDER**
22-CV-5340 (HG) (JMW)

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff Hyped Holdings LLC, d/b/a National Recruiting Group ("Hyped"), filed this action seeking money damages and a declaratory judgment against the United States of America ("United States"), the Internal Revenue Service ("IRS"), and Revenue Officer Matthew James (collectively, "Defendants"), for alleged violations of Plaintiff's constitutional rights pursuant to 18 U.S.C. §§ 241–242, 42 U.S.C. § 1983, 42 U.S.C. § 1985, as well as common law trespass, fraud, negligence, recklessness, and harassment. ECF No. 1 ¶¶ 30–62. Presently before the Court is the United States' motion to dismiss Plaintiff's complaint. ECF No. 18. For the reasons set forth below, the Court grants the United States' motion to dismiss and dismisses Plaintiff's complaint with prejudice.<sup>1</sup>

---

<sup>1</sup>    Defendants IRS and Matthew James have not appeared in the instant action. As set forth below, *see infra* section III, Plaintiff did not serve Defendants with proper summonses. The Court *sua sponte* dismisses Plaintiff's complaint against all Defendants because "the same grounds for dismissal" of the United States warrant dismissal of the complaint as to the IRS and Matthew James. *Cartwright v. D'Alleva*, No. 17-cv-5953, 2018 WL 9343524, at * 9 (S.D.N.Y. Aug. 27, 2018), *aff'd*, 782 F. App'x 77 (2d Cir. 2019); *Cox v. City of New Rochelle*, No. 17-cv-8193, 2020 WL 5774910, at *9 (S.D.N.Y. Sept. 28, 2020) ("[W]hile Rule 4(m) permits a court to dismiss claims against unserved defendants without prejudice where, as here, the same grounds for dismissal of the served Defendants . . . warrant[] dismissal of the [complaint] as to the Unserved Defendants[,] dismissal with prejudice is appropriate.").

## BACKGROUND

Hyped is a temporary staffing company formed in 2017. ECF No. 1 ¶ 10. Philip Missirlian is Hyped's CEO. *Id.* ¶ 24. In September 2020, Hyped and Wonder Partners, Inc. ("Wonder") entered into an agreement, whereby Hyped "purchased three [vendor] contracts, a domain name, a phone name, and [the] trade name of National Recruiting Group . . . from [Wonder]." *Id.* ¶ 11. Plaintiff alleges that on or about October 2021, Defendants began an investigation into Wonder for alleged tax code violations and shortly thereafter issued IRS levies against Wonder. *Id.* ¶ 12. Plaintiff further alleges that Defendant James is an IRS revenue officer who was assigned to Wonder's IRS investigation. *Id.* ¶ 13. Plaintiff alleges that the IRS issued levies against several of Hyped's vendors in an attempt to collect tax liabilities from Wonder including: ProHEALTH; Northwell Health Hospice Care Network; Ringo LLC; and Kedrion Biopharma Inc. *Id.* ¶¶ 14, 15, 23. Plaintiff contends that Defendants continued to issue levies against Hyped's vendors despite the fact that: (i) Hyped notified Defendant James that information provided by Ringo LLC was incorrect; (ii) Wonder and Hyped remain completely "independent entities"; and (iii) Wonder's controller signed an affidavit admitting "sole responsibility for any tax payment." *Id.* ¶¶ 15–19, 27.

Plaintiff further alleges that Defendant James falsely told clients and vendors that Missirlian "was under arrest or will be arrested shortly" and/or "bad news" in an effort to injure Plaintiff. *Id.* ¶¶ 24–25. Plaintiff contends that Defendants "utilized the knowingly false information in bad faith to force Hyped vendors and clients to comply with the [tax] levies." *Id.* ¶ 26. Plaintiff further alleges that the "ongoing collection actions and harassment of Hyped, its staff and vendors, has caused an undue hardship on Hyped resulting in significant damages." *Id.*

¶ 27. Lastly, Plaintiff alleges that Defendants have commenced an "alter ego" investigation into Hyped intended to injure it. *Id.* ¶ 28.

On September 8, 2022, Plaintiff filed its complaint. ECF No. 1. On January 4, 2023, the United States filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction, insufficient process, insufficient service of process and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(4), 12(b)(5) and 12(b)(6).[2] ECF No. 18. On February 23, 2023, Plaintiff filed its opposition, and shortly thereafter the United States filed its reply. ECF Nos. 20, 21.

## LEGAL STANDARD

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

When a party moves to dismiss under Rule 12(b)(1) and on other grounds, courts consider the Rule 12(b)(1) challenge first. *Mortillaro v. United States*, No. 21-cv-852, 2022 WL 992713, at *1 (E.D.N.Y. Mar. 31, 2022).[3] "If a court finds that it lacks subject matter jurisdiction, then the accompanying defenses and objections become moot." *Id.* "A plaintiff asserting subject matter jurisdiction must prove by a preponderance of the evidence that subject matter jurisdiction exists." *Id.*

### B. Motion to Dismiss for Failure to State a Claim

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the

---

[2] Insufficient process pursuant to Rule 12(b)(4) means that the summons is defective. Insufficient service of process pursuant to Rule 12(b)(5) means that the summons was not properly served.

[3] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

3

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. When deciding a motion to dismiss, the Court "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021).

## **DISCUSSION**

Plaintiff asserts several causes of action against Defendants including: (i) Fifth and Fourteenth Amendment due process and equal protection claims; (ii) a claim for violations of Plaintiff's constitutional rights pursuant to 18 U.S.C. §§ 241–242, 42 U.S.C. § 1983, 42 U.S.C. § 1985; and (iii) common law claims of trespass, fraud, negligence, recklessness, and harassment. ECF No. 1 ¶¶ 30–62. The United States contends that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction, insufficient process and service of process as well as failure to state a claim. ECF No. 18. The Court addresses each argument in turn.

### I. The Court Lacks Subject Matter Jurisdiction

The United States argues that Plaintiff's complaint must be dismissed against all Defendants because no waiver of sovereign immunity exists to support subject matter jurisdiction. ECF No. 18-1 at 14. In response, Plaintiff argues that the United States' defense is premature "as a qualified immunity claim is generally addressed by way of summary judgment." ECF No. 20 at 11. For the reasons set forth below, the Court finds that it lacks subject matter jurisdiction to adjudicate Plaintiff's claims.

*A. Defendants Are Immune from Suit Based on the Principle of Sovereign Immunity*

"Under controlling authority, because sovereign immunity is jurisdictional in nature, questions of sovereign immunity implicate a court's subject matter jurisdiction and are analyzed under Rule 12(b)(1)." *Arjent LLC v. United States SEC*, 7 F. Supp. 3d 378, 383 (S.D.N.Y. 2014); *see also Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007) ("[T]he terms of [the United States's] consent to be sued in any court define that court's jurisdiction to entertain the suit.").

As to all of Plaintiff's claims against the United States, the IRS—a federal agency—or Matthew James, in his official capacity as a revenue officer for the IRS, they are barred. It is well-settled that the United States, its agencies, and federal officers in their official capacity, have sovereign immunity from suit and can only be sued with their consent and under whatever terms Congress may impose. *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived."); *see Celauro v. United States IRS*, 411 F. Supp. 2d 257, 267 (E.D.N.Y. 2006), *aff'd*, 214 F. App'x 95 (2d Cir. 2007) ("Congress has not specifically authorized suit against the IRS. Therefore, it is not a suable entity."). "Absent an unequivocally expressed statutory waiver, the United States, its agencies, and its employees (when functioning in their official capacities) are immune from suit based on the principle of sovereign immunity." *Vidurek v. Koskinen*, 789 F. App'x 889, 892–93 (2d Cir. 2019) (summary order) (citing *Cnty. of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010)).

Plaintiff improperly conflates "sovereign immunity" with "qualified immunity" and argues that a qualified immunity defense is premature. ECF No. 20 at 11–13. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their

conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "[S]overeign immunity[, on the other hand,] means that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction. This prohibition against suit extends to "a federal agency or federal officers [acting] in their official capacities." *Roberts v. IRS*, 468 F. Supp. 2d 644, 649 (S.D.N.Y. 2006). Accordingly, Plaintiff fails to meet its burden to address whether the United States, its agencies, and federal officers are immune from suit or whether a waiver applies. *See Vidurek*, 789 F. App'x at 892–93 ("To survive a Rule 12(b)(1) motion to dismiss . . . the plaintiff bears the burden of establishing that [its] claims fall within an applicable waiver."). Nevertheless, the Court will briefly address whether a waiver applies.

   B. *Plaintiff Has Failed to Meet its Burden to Establish an Applicable Sovereign Immunity Waiver*

The alleged jurisdictional bases Plaintiff cites for this action—28 U.S.C. §§ 1331, 1346(a)(1), 1361, 5 U.S.C. § 702, and 26 U.S.C. § 7433—do not constitute a waiver of sovereign immunity in this case. ECF No. 1 ¶ 5.

   i. <u>28 U.S.C. § 1331</u>

"[T]he general federal question jurisdictional statute, 28 U.S.C. § 1331, does not constitute a waiver of sovereign immunity by the United States." *Mack v. United States*, 814 F.2d 120, 122 (2d Cir. 1987)*; see also Doe v. Civiletti*, 635 F.2d 88, 94 (2d Cir. 1980) ("Section 1331 is in no way a general waiver of sovereign immunity."). Accordingly, there is no basis for waiver of sovereign immunity pursuant to Section 1331.

ii.   28 U.S.C. § 1346(a)(1)

Section 1346(a)(1) provides that the United States may be sued "for recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." 28 U.S.C. 1346(a)(1).  By its complaint, Plaintiff admits that this action does not seek a recovery of any tax collections.  ECF No. 1 ¶ 31 ("Plaintiff reiterates that this action does not concern the assessments issued against Plaintiff by Defendant nor the [levies].").  Plaintiff seeks only a declaratory judgment and money damages for Defendants' alleged constitutional and common law violations.  *Id.* at 10–11.  Accordingly, the sovereign immunity waiver pursuant to Section 1346(a)(1) is inapplicable.

iii.   28 U.S.C. § 1361

 "Jurisdiction under the mandamus statute[—28 U.S.C. § 1361—]is limited to actions seeking to compel the performance of a nondiscretionary duty owed to the plaintiff." *Garmhausen v. Holder*, 757 F. Supp. 2d 123, 136–37 (E.D.N.Y. 2010); *see also* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.").  "In order to invoke mandamus relief, petitioner must show that three elements coexist:  (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy is available." *Garmhausen*, 757 F. Supp. 2d at 137.  Matters within a federal agency's discretion are *not* reviewable under Section 1361, which is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if defendant owes him a clear non-discretionary duty." *Checknan v. McElroy*, 313 F. Supp. 2d 270, 274 (S.D.N.Y. 2004).  Plaintiff has not alleged that he has "exhausted all avenues of relief," nor pointed to a "clear non-

7

discretionary duty" that Defendants owe him. *Id.* Instead, Plaintiff alleges that Defendant James, "utilized the discretion afforded to him as [a federal employee] . . . and conspired to damage Plaintiff." ECF No. 1 ¶¶ 8, 32–35, 38, 40. Accordingly, the sovereign immunity waiver pursuant to Section 1361 is inapplicable.

        iv.     5 U.S.C. § 702

Under the Administrative Procedure Act ("APA"), "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. A plaintiff may only seek non-monetary relief under the APA, and the APA only provides for judicial review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704; *see Larson v. United States,* No. 16-cv-245, 2016 WL 7471338, at \*7 (S.D.N.Y. Dec. 28, 2016), *aff'd* 888 F.3d 578 (2d Cir. 2018) ("The APA waives sovereign immunity for cases seeking relief other than money damages, such as declaratory and injunctive relief, but the APA does not waive sovereign immunity for money-damages claims."). Accordingly, the APA does not provide an applicable waiver of sovereign immunity for Plaintiff's claims for money damages.

With respect to Plaintiff's request for a declaratory judgment, the Court finds that Plaintiff has not met its burden to establish that "there is no other adequate remedy in a court." 5 U.S.C. § 704. "[E]ven if final, an agency action is reviewable under the APA only if there are no adequate alternatives to APA review in court. An existing review procedure will therefore bar a duplicative APA claim so long as it provides adequate redress." *Larson*, 2016 WL 7471338, at \*8. Congress has comprehensively considered which remedies to provide to taxpayers for allegedly unlawful conduct by the IRS and its employees:

> Congress created the Treasury Inspector General for Tax Administration, an entity distinct from the IRS, which investigates claims of IRS employee misconduct, in an

8

> effort to deter such misconduct. . . . Moreover, the Internal Revenue Code itself prohibits unnecessary examinations or investigations . . . and IRS agents are subject to discipline for violations of the Code. Indeed, the third "Taxpayer Bill of Rights," adopted by Congress in 1998 . . . provides for termination of the employment of any IRS employee for violating the Code or any IRS rules for the purpose of retaliating against, or harassing, a taxpayer or taxpayer representative. Congress has also provided for the discharge and criminal prosecution of IRS employees engaged in certain misconduct, including making or signing any fraudulent entry in any book, or making or signing any fraudulent certificate, return, or statement.

*Hudson Valley Black Press v. IRS*, 409 F.3d 106, 113 (2d Cir. 2005). In light of Congress' comprehensive scheme, the Court finds that an adequate alternative to APA review in court is available to Plaintiff. Accordingly, the sovereign immunity waiver with respect to Plaintiff's claim for a declaratory judgment is inapplicable in the instant action. *See Larson*, 888 F.3d at 587 ("The APA . . . does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures.").

    v. <u>26 U.S.C.A § 7433</u>

Section 7433 provides that "if, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title . . . such taxpayer may bring a civil action for damages against the United States in a district court of the United States." 26 U.S.C. § 7433. However, pursuant to Section 7433(d)(1), "a judgment for damages shall not be awarded . . . unless the court determines that plaintiff has exhausted the administrative remedies available to such plaintiff." 26 U.S.C. § 7433(d)(1). Exhaustion of administrative remedies would require a plaintiff to file an administrative claim prior to initiating a civil lawsuit. *See* 26 C.F.R. § 301.7433-1(e). The IRS has no record of a valid administrative claim having been submitted. *See* ECF No. 18-2 (Declaration of Revenue Officer Advisor).[4]

---

[4]  "[W]hen a court evaluates a motion to dismiss under Rule 12(b)(1), it may—and sometimes *must*—consider extrinsic evidence such as affidavits that contradict the allegations of

9

Because the exhaustion of administrative remedies is a jurisdictional bar to Plaintiff's section 7433 claim, any sovereign immunity waiver is inapplicable. *See Calen v. United States*, No. 18-cv-2183, 2021 WL 4356041, at *5 (E.D.N.Y. Sept. 24, 2021) ("Courts in this Circuit have found that failure to exhaust administrative remedies under Section 7433 creates a jurisdictional bar."); *Roberts*, 468 F. Supp. 2d at 650 ("A plaintiff's failure to comply with the regulation deprives the federal district court of jurisdiction.").

In light of the doctrine of sovereign immunity, and the failure of Plaintiff to meet its burden to establish an applicable waiver, the Court dismisses Plaintiff's complaint against all Defendants for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

## II. The Court Finds That Plaintiff Fails to State a Claim

Because the Court finds that it lacks subject matter jurisdiction to adjudicate Plaintiff's claims, it need not address whether Plaintiff has failed to state a claim pursuant to Rule 12(b)(6). Nevertheless, the Court finds that Plaintiff's claims fail as a matter of law.

### A. *Plaintiff's Bivens Claims Fail*

Plaintiff asserts Fifth and Fourteenth Amendment due process and equal protection claims pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). ECF No. 1 ¶¶ 30–42. In

---

the complaint in order to determine whether there is federal subject matter jurisdiction." *Wang v. Delphin-Rittmon*, No. 17-cv-586, 2023 WL 2624351, at *5 (D. Conn. Mar. 24, 2023). "Supreme Court caselaw makes clear that district courts have broad discretion when determining how to consider challenges to subject matter jurisdiction. . . . Where a party offers extrinsic evidence that contradicts the material allegations of the complaint, we have suggested that it would be error for the district court to disregard that extrinsic evidence." *Harty v. West Point Realty, Inc.*, 28 F.4th 435, 442 (2d Cir. 2022). Here, although Plaintiff alleges it "has exhausted all administrative remedies available within the IRS," ECF No. 1 ¶ 6, a declaration filed by the IRS in support of Defendant's motion to dismiss provides that an IRS employee has "reviewed the official records of the IRS and determined that no IRS advisory units has received an administrative claim under 26 U.S.C. § 7433 or 26 C.F.R. §301.7433." ECF No. 18-2. In addition, a letter filed by Plaintiff in the instant action suggests that it intended to pursue its claims through administrative proceedings, but has not done so yet. *See* ECF No. 7 at 2.

10

*Bivens*, "the Supreme Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Arar v. Ashcroft*, 585 F.3d 559, 571 (2d Cir. 2009). "[A] *Bivens* action is brought against individuals, and any damages are payable by the offending officers. . . . [T]he Supreme Court has warned that the *Bivens* remedy is an extraordinary thing that should rarely if ever be applied in new contexts." *Id.*

Plaintiff alleges that Defendant James's activities conducted in his official capacity as a revenue officer, including an "examination of Plaintiff," and the levying of taxes on "Plaintiff's vendor and clients to prevent them from paying Plaintiff," "have the effect of depriving Plaintiff of its rights to Due Process and Equal Protection Under the Law." ECF No. 1 ¶¶ 30–42. As an initial matter, the Fourteenth Amendment applies only to states, not the federal government. *See District of Columbia v. Carter,* 409 U.S. 418, 424 (1973) ("[A]ctions of the Federal Government and its officers are beyond the purview of the [Fourteenth] Amendment."). Furthermore, a *Bivens* action is not available against an IRS official for any alleged violation of a plaintiff's Fifth Amendment rights as a result of his alleged tax assessment and collection activities. *See Celauro*, 411 F. Supp. 2d at 267 ("[C]ourts have held that *Bivens* actions are not available against IRS officials for tax assessment and collection."); *Colon v. Maddalone*, No. 95-cv-0008, 1996 WL 556924, at *5 (S.D.N.Y. Oct. 1, 1996) (citing cases and noting that "numerous courts have found *Bivens* remedies unavailable in cases involving alleged . . . Fifth Amendment violations in connection with tax collections activities"); *see also Hudson Valley Black Press*, 409 F.3d at 113 (finding no violation of plaintiff's First Amendment rights and holding that "[b]ecause of the complex remedial scheme that Congress has created, and the plain indication that the failure of Congress to provide a remedy for injuries arising from tax assessment was not inadvertent, every

11

circuit that has considered the appropriateness of a *Bivens* remedy in the taxation context has uniformly declined to permit one"). Accordingly, the Court finds that Plaintiff has failed to state a *Bivens* claim against Defendant James.

### B. Plaintiff Cannot Assert Claims Based on Federal Criminal Statutes

Plaintiff may not use this civil lawsuit to enforce the criminal statutes identified in his complaint—18 U.S.C. §§ 241, 242—and his claims based on those statutes must be dismissed. *See* ECF No. 1 at 9. "The Supreme Court historically has been unreceptive to inferring a private right of action from a bare criminal statute," especially when the statute "provide[s] criminal sanctions for violations but ma[kes] no mention of any private enforcement mechanism." *Schlosser v. Kwak*, 16 F.4th 1078, 1083 (2d Cir. 2021). The Second Circuit has held that sections 241 and 242 provide no such private right of action. *See Hill v. Didio*, 191 F. App'x 13, 14 (2d Cir. 2006) (finding no private right of action under 18 U.S.C. §§ 241 or 242). Accordingly, the Court dismisses Plaintiff's claims based on these criminal statutes.

### C. Plaintiff's Section 1983 Claim Fails

Plaintiff generally asserts a conspiracy to deprive Plaintiff of due process and equal protection under the law pursuant to 42 U.S.C. § 1983 because Defendants "unlawfully and maliciously acted in concert conspiring to injure, oppress, threaten, and intimidate Plaintiff by claiming a debt and seizing Plaintiff's property without due process thereby causing substantial damage to Plaintiff." ECF No. 1 ¶ 44.

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C.

§ 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right secured by the Constitution or laws of the United States; and (2) that they did so under color of state law." *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001).

Because the IRS is a federal agency and Defendant James is a federal officer, Defendants were not acting under the color of *state* law. *See United States v. Acosta*, 502 F.3d 54, 60 (2d Cir. 2007) ("Section 1983, of course, does not apply to allegedly unlawful acts of federal officers."); *see also Lopez v. "Director" of the IRS's Ogden Utah Office*, No. 16-cv-600, 2017 WL 337978, at *5 (D. Conn. Jan. 23, 2017) (holding that "[s]ection 1983 cannot apply to any alleged actions by IRS employees, who are agents of the federal government"); *Guettlein v. United States Merchant Mar. Acad.*, 577 F. Supp. 3d 96, 102 (E.D.N.Y. 2021) ("Section 1983 does not provide a cause of action against the federal government."). Accordingly, Plaintiff's Section 1983 claim against all Defendants must be dismissed.

### D. Plaintiff's Section 1985 Claim Fails

Plaintiff similarly generally asserts that Defendants conspired to deprive Plaintiff of equal protection under the law in violation of 42 U.S.C. § 1985. ECF No. 1 ¶ 44.

"To state a cause of action under § 1985, a plaintiff must allege (1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a

citizen of the United States." *Chillemi v. Town of Southampton*, 943 F. Supp. 2d 365, 380–81 (E.D.N.Y. 2013). "To assert a conspiracy under Section 1985, a plaintiff must [also] provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Masters v. Mack*, No. 22-cv-6582, 2022 WL 17961211, at *6 (E.D.N.Y. Dec. 27, 2022). "The conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." *Dolan v. Connolly*, 784 F.3d 290, 296 (2d Cir. 2015).

Plaintiff has failed to plead sufficient facts to support his allegations that Defendants acted in concert to deprive him of the equal protection of the law. Plaintiff's complaint does not allege that any allegedly wrongful action taken by Defendants was "motivated" by race or "class-based, invidious discriminatory animus." *Id; see generally* ECF No. 1. Accordingly, the Court dismisses Plaintiff's Section 1985 claim.

### E. Plaintiff's New York Common Law Claims Are Barred by The Federal Tort Claims Act

Plaintiff raises several state law claims including trespass, fraud, negligence, recklessness and harassment. ECF No. 1 ¶¶ 46–62. State common law claims cannot be brought directly against federal employees acting within the scope of their employment. "[A] claimant's exclusive remedy for nonconstitutional torts by a government employee acting within the scope of his employment is a suit against the government [i.e., the United States] under the [Federal Tort Claims Act ('FTCA'), 28 U.S.C §§ 1346(b), 2671–80]." *Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994). The FTCA permits civil actions exclusively against the United States for "injury or loss of property . . . resulting from the negligent or wrongful act or omission of any [federal] employee . . . acting within the scope of his office or employment." 28 U.S.C. §§ 1346(b), 2679(b). However, the FTCA's sovereign immunity waiver broadly excludes "any

14

claim[s] arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c).

Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's common law claims. *See Aetna Cas. & Sur. Co. v. United States*, 71 F.3d 475, 477–78 (2d Cir. 1995) (citing cases holding that the "arising in respect of" language in section 2680(c) should be construed broadly and covers "claims arising out of the government's mechanism for assessing and collecting taxes"); *Capozzoli v. Tracey*, 663 F.2d 654, 657 (5th Cir. 1981) (holding that section 2680(c) bars trespass claim against IRS agent).

### III. The Court Alternatively Dismisses Plaintiff's Complaint for Insufficient Process and Service of Process

Defendant United States moves to dismiss Plaintiff's complaint pursuant to Rules 12(b)(4) and 12(b)(5). ECF No. 18-1 at 31. Defendant alleges that at Plaintiff's request, the Court issued a single summons directed to the United States Attorney General, but that there is no separate summons directed to the IRS or Defendant James, as required by Rule 4(a)(1)(B) and Rule 4(i)(2). ECF No. 18-1 at 31. Defendant further alleges that Plaintiff failed to issue and serve a copy of the summons on each Defendant as required by Rule 4(b). *Id.* Plaintiff does not address whether all Defendants have been served properly, but contends that it served Defendant United States by serving a copy of the summons and complaint on the Attorney General of the United States. ECF No. 20 at 33. Plaintiff further contends that "if the Court finds that [Defendant United States] was not properly served, in the interest of judicial economy and justice, [it] request[s] that this Court grant Plaintiff leave to re-serve." *Id*.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Rule 4(i) sets out the procedural requirements for serving the United States, its agencies, and its officers. To serve the United States, a plaintiff must:

15

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.;

Fed. R. Civ. P. 4(i)(1). To serve an agency and/or an employee in his official capacity, a plaintiff must serve the United States and send a copy of the summons and complaint by registered or certified mail to the agency and/or employee. *See* Fed. R. Civ. P. 4(i)(2). "Once a defendant raises a challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." *McIntire v. China MediaExpress Holdings, Inc.*, 927 F. Supp. 2d 105, 132 (S.D.N.Y. 2013). The Court finds that Plaintiff has not met its burden here.

Plaintiff states that it served the United States Attorney General on September 26, 2022, but does not provide proof of service on the United States Attorney's office for the Eastern District of New York. *See* ECF No. 6 (Summons). Moreover, Plaintiff does not provide any evidence that it has served the IRS or Defendant James. Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). Because the Court grants Defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, it does not need to alternatively dismiss the action for insufficient service of process. Nevertheless, the Court finds that Plaintiff has not shown good cause for failing properly to serve Defendants since September 8, 2022, and alternatively dismisses Plaintiff's complaint for insufficient process and service of process pursuant to Rules

16

4(i) and 4(m). *See also Olusi v. Keisler*, No. 07-cv-8776, 2008 WL 3539891, at *2 (S.D.N.Y. Aug. 13, 2008) (granting dismissal for insufficient process where plaintiff failed to meet both sections of Rule 4(i) by failing to serve the United States Attorney or United States Attorney's office for the district where the action is brought).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss with prejudice and without leave to amend. Given the many defects in Plaintiff's complaint, the Court denies leave to amend because any such amendment would be futile. *See Oneida Indian Nation of New York v. City of Sherill*, 337 F.3d 139, 168 (2d Cir. 2003) ("While leave to amend a pleading shall be freely granted when justice so requires . . . amendment is not warranted in the case of futility. A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Hector Gonzalez*
  HECTOR GONZALEZ
  United States District Judge

Dated: Brooklyn, New York
      September 19, 2023